IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUSTIN CARLTON CALDWELL,           )
                                   )
            Plaintiff,             )
                                   )
    -vs-                           )       Civil Action No.  20-1832
                                   )
KILOLO KIJAKAZI,[1]                )
*Acting Commissioner of Social Security*,   )
                                   )
            Defendant.             )

## ORDER

AND NOW, this 5th day of August, 2022, having considered the parties' cross-motions

for summary judgment and Plaintiff's motion for remand, the Court, upon review of the

Commissioner of Social Security's final decision denying Plaintiff's claim for child disability

benefits under section 223(d) of the Social Security Act, 20 C.F.R. § 404.350, *et seq.,* finds that

the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.

*See* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial

evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence'

to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of*

*Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995).  *See also Berry v. Sullivan*, 738 F.

Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1]     Kilolo Kijakazi is substituted as the Defendant in this matter, replacing the former
Commissioner pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The
Clerk is directed to amend the docket to reflect this change.

merely because it would have decided the claim differently) (citing *Cotter v. Harris,* 642 F.2d

700, 705 (3d Cir. 1981)).[2]

---

[2]      Plaintiff argues that his case should be remanded based on newly submitted evidence that was not before the Administrative Law Judge ("ALJ") or, alternatively, that the ALJ's decision denying him benefits was not supported by substantial evidence.  The Court disagrees and finds that remand is not warranted on the basis of the newly proffered evidence and that substantial evidence supports the ALJ's decision.

        The Court first notes that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) (citing *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991)); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011).  Accordingly, the Court cannot rely on any records that were not part of the administrative record upon which the ALJ relied in making his determination here.  Since the evidence submitted by Plaintiff was not before the ALJ when the ALJ rendered his decision, the Court may not review these newly proffered records pursuant to Sentence Four of 42 U.S.C § 405(g).

        If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, a district court *may* remand pursuant to Sentence Six of Section 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *See Matthews*, 239 F.3d at 591-593 (citing *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir. 1984)). In *Szubak,* the Third Circuit explained the following:

> As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.  Second, the evidence must be "material;" it must be relevant and probative.  Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination.  An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.  Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

*Id.* (citations omitted).  All three requirements must be satisfied to justify remand.  *See id.*

        Evidence is "new" if was "not in existence *or available* to the claimant at the time of the administrative proceeding."  *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added).  In this case, the evidence at issue is a mental status evaluation by Chantal Deines, Ph.D., dated April 12, 2021, completed for a subsequent supplemental security income application, and the records of Plaintiff's chiropractor John Montasano, D.C., including x-ray images, from on

and after March of 2022.  Plaintiff assumes that this material is new because it was obviously not in existence at the time of the ALJ's decision.  This is true of his chiropractic records and x-rays. As for Dr. Dienes' evaluation, the report itself clearly was not in existence or available before the ALJ rendered his decision, although arguably some of the information contained therein was previously available.  In any event, the Court will assume that the first element of the new evidence test has been met.

However, Plaintiff cannot satisfy the remaining elements.  First, the Court finds the evidence fails to meet materiality element.  As noted, to be material, the evidence must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination.  "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." *See Szubak*, 745 F.2d at 833; *see also Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012).  The purported new evidence did not even exist until well after the ALJ's decision and the relevant time period.  Moreover, contrary to Plaintiff's position otherwise, the evidence does not relate to the time period for which benefits were denied, which is prior to December 3, 2018, the date Plaintiff attained age 22.  While the report reviews Plaintiff's medical history, Dr. Deines makes a then-current diagnosis on April 12, 2021.  Thus, this evidence does not relate to the relevant time period that was at issue before the ALJ.  Likewise, Plaintiff's chiropractic records and x-rays from 2022 are from a number of years after the end of the relevant period, and there is no indication of any relation back to that period.  Indeed, these records seem clearly to show – if anything – the possibility of subsequent deterioration of Plaintiff's back condition.  If Plaintiff believes that his condition has significantly worsened since the date of the decision of the ALJ, his remedy is to file a new application for that new time frame (which he did).  As a result, the evidence fails to meet the second element of materiality, and no further analysis is required.

Regardless, even if any of the evidence were new and material, Plaintiff has not demonstrated good cause for failing to present the evidence to the ALJ.  *See Matthews*, 239 F.3d at 594; *Szubak*, 745 F.2d at 833.  As to this element, Plaintiff asserts that good cause is shown merely because the records did not exist at the time.  However, the mere fact that evidence did not exist at the time of the hearing is not good cause for failure to timely obtain and file such evidence before the ALJ.  *See Stover v. Comm'r of Soc. Sec.*, No. CV 16-1265, 2017 WL 3190724, at *4 (W.D. Pa. July 27, 2017).  To the extent that Plaintiff believed that evidence such as that provided by Drs. Dienes and Montasano was relevant to the instant case, he provides no reason why he did not or could not have acquired such evidence in a timely manner.  Of course, this reinforces the fact that the evidence at issue relates to a later period in any event. Consequently, the newly proffered evidence does not provide a basis for remand under Sentence Six.

Turning to Plaintiff's summary judgment arguments, based on the above discussion, the Court finds no merit to any of Plaintiff's arguments that are based on the April 12, 2021 report of Dr. Deines (*i.e.* Plaintiff's argument regarding the ALJ's severe impairment finding and the failure to consider Listing 12.02).

Next, Plaintiff submits that the ALJ erred by failing to find that he meets Listings 12.06 and 12.11 at Step Three of the Social Security Administration's sequential analysis. At this step, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *See Jesurum*, 48 F.3d at 117. An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *See Burnett v. Commissioner*, 220 F.3d 112, 119 (3d Cir. 2000). It is a claimant's burden to show that his/her impairment matches a listing or is equal in severity to a listed impairment. *See Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992). It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (*quoting Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)).

Plaintiff avers that he meets the relevant listings of 12.06 and 12.11. However, in so arguing, in large part he is merely asking the Court to reconsider and reweigh the evidence. This the Court may not do; if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Regardless, with regard to these listings, the ALJ found that Plaintiff did not meet the requirements of paragraphs B or C. (R. 27-29). An ALJ must provide sufficient detail within his/her determination to permit a proper and meaningful judicial review. *See Burnett*, 220 F.3d at 120. In considering the same, the decision must be read as a whole. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). After a review of the evidence and reading the decision of the ALJ as a whole, the Court is able to make a meaningful review and finds that the ALJ's finding that Plaintiff did not meet the requirements of paragraphs B or C is supported by substantial evidence of record. Again, Plaintiff's suggestion that his interpretation of the medical evidence more properly defines his abilities ignores the substantial evidence standard of review.

Plaintiff's last argument is that the ALJ's decision is not supported by substantial evidence because the hypothetical question did not encompass all of Plaintiff's impairments and failed to correctly determine Plaintiff's education level. (Doc. No. 16, pp. 15-20). To bolster his argument on this point, Plaintiff cites to evidence he believes supports his position that he is disabled. However, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Therefore, any argument that his position also has record support is misplaced.

In any event, hypotheticals posed to vocational experts ("VE") need not reflect every impairment alleged by a claimant. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id.* After a review of the evidence, the Court finds that substantial evidence supports the ALJ's residual functional capacity ("RFC") assessment. Because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response. Thus, Plaintiff's argument in this regard cannot prevail.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (Doc. No. 14)

and Motion for Summary Judgment (Doc. No. 15) are DENIED and that Defendant's Motion for

Summary Judgment (Doc. No. 20) is GRANTED as set forth herein.

s/  Alan N. Bloch
United States Senior District Judge

ecf:    Counsel of Record

---

Accordingly, for all of the reasons stated herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.   The Court will therefore affirm the ALJ's decision.